UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JERICO MATIAS CRUZ, | ) | |
| | ) | |
| Plaintiff, | ) | 20 C 7415 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| KAREN V. GRIEBEL and CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

For the reasons set forth below, Defendants' motion to dismiss [22] is granted. Plaintiff's federal claims are dismissed with prejudice. Pursuant to 28 U.S.C. § 1367(c)(3), the court relinquishes its supplemental jurisdiction over Plaintiff's state law malicious prosecution claim. Enter judgment order. The status hearing set for 11/19/2021 [51] is stricken. Civil case closed.

### STATEMENT

Plaintiff alleges in this suit under 42 U.S.C. § 1983 and Illinois law that Defendants violated his rights by falsely arresting, falsely imprisoning, and maliciously prosecuting him. Doc. 9. Defendants moved to dismiss the suit. Doc. 22. Plaintiff responded to the motion after having been granted several extensions, Doc. 46, and Defendants replied, Doc. 56.

The motion to dismiss the federal claims (false arrest, false imprisonment, and improper search and seizure under the Fourth Amendment) is granted for two independent reasons.

First, because Plaintiff's opposition brief fails to address the plausible legal grounds set forth by Defendants for dismissing the federal claims, Plaintiff has forfeited those claims. *See G & S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 538 (7th Cir. 2012) ("We have repeatedly held that a party waives an argument by failing to make it before the district court. That is true whether it is an affirmative argument in support of a motion to dismiss or an argument establishing that dismissal is inappropriate.") (citations omitted); *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("We apply [the forfeiture] rule … where a litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss. … Our system of justice is adversarial, and our judges are busy people. If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning.") (internal quotation marks omitted); *Cnty. of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 818 (7th Cir. 2006) ("When presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action.") (quoting *Stransky v. Cummins Engine Co.*, 51 F.3d 1329, 1335 (7th Cir. 1995)).

Second, even putting aside forfeiture, dismissal on the merits is appropriate because the exhibits that Plaintiff attached to the complaint and to his opposition brief—including video footage of his interaction with Chicago police, two signed criminal complaints, and the disposition of his state criminal charges—conclusively defeat his federal claims. *See Bogie v. Rosenberg*, 705 F.3d 603, 608-09 (7th Cir. 2013). The video and the signed criminal complaints independently and indisputably show that the police had probable cause to arrest Plaintiff for trespass and disorderly conduct. *See Abbott v. Sangamon Cnty.*, 705 F.3d 706, 714 (7th Cir. 2013). In light of the proper arrest, Plaintiff was justifiably subjected to a search and seizure and being brought to the police station. *See Illinois v. Lafayette*, 462 U.S. 640, 644-45 (1983).

The federal claims are dismissed with prejudice because, given the exhibits attached to the complaint, repleading them would be futile and, in any event, Plaintiff does not request an opportunity to replead. *See Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 335 (7th Cir. 2018) ("Nothing in Rule 15, nor in any of our cases, suggests that a district court must give leave to amend a complaint where a party does not request it or suggest to the court the ways in which it might cure the defects. To the contrary, we have held that courts are within their discretion to dismiss with prejudice where a party does not make such a request or showing."); *Gonzalez-Koeneke v. West*, 791 F.3d 801, 808 (7th Cir. 2015) ("A district court acts within its discretion in … dismissing a complaint with prejudice … when the plaintiff fails to demonstrate how [an] amendment would cure the deficiencies in the prior complaint.").

Plaintiff's malicious prosecution claim lies under Illinois law. *See Camm v. Faith*, 937 F.3d 1096, 1105 (7th Cir. 2019); *Manuel v. City of Joliet*, 903 F.3d 667, 670 (7th Cir. 2018). Because the parties are not of diverse citizenship, the only basis for jurisdiction over that claim is the supplemental jurisdiction under 28 U.S.C. § 1367(a). Section 1367(c)(3) provides that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if … the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "As a general matter, when all federal claims have been dismissed prior to trial, the federal court should relinquish jurisdiction over the remaining [supplemental] state claims." *Williams v. Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007); *see also Dietchweiler ex rel. Dietchweiler v. Lucas*, 827 F.3d 622, 631 (7th Cir. 2016) (same). The court will follow that general rule here, particularly because the complaint and its exhibits—while indisputably showing probable cause to arrest and search Plaintiff and to bring him to the police station—do not indicate why the charges against him ultimately were stricken with leave to reinstate. *See Phillips v. Baxter*, 768 F. App'x 555, 560 (7th Cir. 2019) ("As to the state-law claims, after dismissing [the plaintiff's] federal claims at such an early stage of litigation, the district court should have followed the presumption of relinquishing jurisdiction over them."); *Ross ex rel. Ross v. Bd. of Educ. of Twp. High Sch. Dist. 211*, 486 F.3d 279, 285 (7th Cir. 2007) (holding that the district court properly relinquished supplemental jurisdiction over the plaintiff's state law claims "given the fact that her federal claims were dismissed at such an early stage on a purely legal ground").

November 16, 2021

_____
United States District Judge